THE BRUNSWICK AND ALBANY RAILROAD COMPANY, plaintiff in error, *vs.* A. D. GALE, defendant in error.

A railroad company is bound to exercise extraordinary diligence for the protection of passengers; but this done, it is not liable for injuries sustained.

Railroads.    Diligence.    Before Judge HALL.    Worth Superior Court.    October Term, 1875.

Reported in the decision.

WARREN & HOBBS, for plaintiff in error.

D. H. POPE, for defendant.

WARNER, Chief Justice.

The plaintiff brought his action against the defendant to recover damages for alleged injuries sustained by him as a passenger on its railroad, caused by the alleged careless and negligent conduct of the defendant's agents. On the trial of the case, the jury, under the charge of the court, found a verdict in favor of the plaintiff for $2,000 00. The defendant made a motion for a new trial on the several grounds therein set forth, which was overruled by the court, and the defendant excepted.

It appears from the evidence in the record that the injury complained of was caused by the car of the defendant being thrown off its railroad track, in which the plaintiff was a passenger; that the train was on schedule time when the accident occurred, and was running about fifteen miles an hour down grade; that it was in the night, and in turning a short curve in the road, the train ran over a large bull on the track and was thrown off; that the head-light, owing to the curve in the road, did not enable the engineer to see the bull on the track in time to stop the train so as to prevent the accident; that as soon as the engineer saw the bull on the track he put on brakes and endeavored to stop the train, but was unable to do so. The plaintiff did not hear the whistle blow to put on brakes, though at the time he was in the passenger car engaged in a lively conversation with other persons. Pope and the plaintiff testified that a short time before the trial they were at Valdosta, on the track of the Atlantic and Gulf Railroad, at night, and looked to see how far an object could be seen on the track in front of the head-light of an engine, and could see for two or three hundred yards very plainly. The defendant, as a carrier of passengers, was bound to have exercised extraordinary diligence in behalf of itself and its agents for the protection of the lives and persons of its passengers, but was not liable for the injury done to the plaintiff after having used such diligence: Code, section 2067. When the plaintiff proved that he was injured as a passenger on the

defendant's road, the presumption of the law was against the defendant that he had been so injured by its negligence, or that of its agents, and it was incumbent on the defendant to rebut that legal presumption by evidence that it ·exercised extraordinary diligence to prevent the accident which caused the injury to the plaintiff; that is to say, that it exercised that extreme care and caution which prudent and thoughtful persons use in securing and preserving their own property. These principles of law the court gave in charge to the jury, and the question is, whether the verdict, under the evidence, was not contrary to the charge of the court, and therefore ·contrary to law. Assuming that the court charged ·the jury correctly as to the law, what is there in the evidence contained in the record, which impeaches or contradicts the testimony of the four witnesses who state that the accident was unavoidable, and could not have been prevented by the exercise of extraordinary diligence on the part of the defendant, under the circumstances connected with the injury of which the plaintiff complains. If the four witnesses who testified for the defendant swore the truth (and their testimony is not impeached or contradicted,) then the accident was unavoidable, and rebutted the legal presumption of any negligence on the part of the defendant, either slight or otherwise, and therefore the defendant was not liable, under the law, to the plaintiff for the injury complained of. The evidence of the four unimpeached and uncontradicted witnesses for the defendant is, that owing to the curve in the road, the engineer could not have seen the bull on the track of the road in time to have stopped the train, so as to have avoided the accident. The statement of the plaintiff that the engineer said that he thought the engine would have knocked the bull off the track, does not disprove the truth of the statement that the accident was unavoidable. Nor does the statement of Pope and the plaintiff, as to their observations at Valdosta, on the Atlantic and Gulf road, affect the question as to the liability of the defendant at the time of the accident complained of on its road, even if that testimony was legally

admissible, had it been objected to at the trial.  If the accident which caused the injury to the plaintiff, could not have been prevented by the exercise of extraordinary diligence on the part of the defendant, then it is not liable therefor under the law, and inasmuch as four unimpeached and uncontradicted witnesses swear that the accident was unavoidable, and their testimony being corroborated by the facts and circumstances connected with the transaction, the verdict was contrary to law, the legal presumption of negligence on the part of the defendant having been rebutted by unimpeached and uncontradicted evidence as disclosed in the record.  Besides, there is evidence of witnesses who were present at the time the accident occurred, who state that the pliantiff did not then appear to be hurt much, and one witness states that he then said that those in charge of the train had acted nobly.

Let the judgment of the court below be reversed.